# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN THEBEAU,**
**Inmate #33832-044,**

    **Petitioner,**

                                       N0. 11-cv-746-DRH

**vs.**

**WENDY J. ROAL,**
**Warden, USP Marion,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, brings this habeas corpus action pursuant to 28 U.S.C. §2241. Petitioner seeks to challenge the sentence that was imposed on July 6, 2007, by the United States District Court for the Eastern District of Missouri. Petitioner was found in violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm), and was sentenced by that court to 216 months imprisonment, 3 years of supervised release, and was ordered to pay a special assessment of $200. The sentencing court considered petitioner's status as an armed career criminal when making the sentencing determination. Petitioner

appealed to the Eighth Circuit, which denied the appeal on May 16, 2008. Petitioner's writ of certiorari to the U.S. Supreme Court was denied October 16, 2008. Petitioner filed a § 2255 motion in the Eastern District of Missouri, which was denied on March 9, 2011.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Seventh Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense.*" *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. To the contrary, petitioner merely asserts that he should not have been sentenced as an armed career criminal. Where a petitioner is merely attacking his sentence, instead of making a claim that he is actually innocent of the

crime for which he was sentenced, the correct motion to be filed is a § 2255 motion. *Davenport*, 147 F.3d at 609-10. A motion to vacate or set aside judgment based on the use of sentencing enhancements, instead of the underlying crime, is not a successful claim of actual innocence, and thus does not excuse the use of § 2255. *Sines v. Wilner*, 609 F.3d 1070, 1072-73 (10th Cir. 2010).

Petitioner filed a § 2255 motion in September 30, 2009, and it was in that motion that petitioner could have raised his current claim. As such, § 2255 does not prove to be an inadequate remedy for petitioner's current claim, and consistent with *Davenport*, petitioner cannot raise his current claim under the awning of § 2241. *See In re Davenport,* 147 F.3d 605 (7th Cir. 1998).

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 15th day of November, 2011.

Digitally signed by David R. Herndon
Date: 2011.11.15 10:53:45 -06'00'

**Chief Judge
United States District Court**